**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| SUN, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-06-351 |
| | § | |
| KING SERVICES, INC., et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING DEFENDANTS' MOTION TO TRANSFER VENUE TO THE**
**EASTERN DISTRICT OF MISSOURI**

This lawsuit arises out of a motor vehicle collision that claimed the lives of five students from the University of Texas, Austin.  Plaintiffs, parents of the deceased and representatives of the various estates, have brought suit against King Services, Inc., King Transportation of Trumann, Inc., and Michael Baker.  Now before the Court comes Defendants King Services, Inc. and King Transportation of Trumann, Inc.'s (collectively "King") Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) to the Eastern District of Missouri, Cape Girardeau–Southeastern Division.[1]  For the reasons stated below, King's Motion to Transfer Venue Pursuant to 1404(a) is respectfully **DENIED**.[2]

**I.  Background**

---

[1]Movants claim that King Transportation of Trumann, Inc. is a fictitious entity, but identify themselves jointly as "King."

[2]This Court does not consider this Order worthy of publication.  Accordingly, it has not requested and does not authorize publication.

-1-

On or about March 9, 2006, a Toyota Corolla ("Toyota") carrying Fan Sun, Michael Woodward, Stephanie Wilson, Nikolaos Simeon, and Lan Nguyen, collided with an eighteen-wheeler tractor-trailer on U.S. 412, in Dunklin County, Missouri, about a mile from Cardwell, Missouri, just over the Arkansas-Missouri border.  Allegedly, at the time of the accident the driver of the Toyota, Michael Woodward, was attempting to make a U-turn across the highway.  All five occupants of the Toyota died as a result of the collision.  The driver of the tractor-trailer, Defendant Michael Baker ("Baker"), and the passenger in the tractor-trailer both survived.

Plaintiffs in this case are the parents and estate representatives of four of the deceased students: Shugang and Yiling Sun, parents of Fan Sun and representatives of her estate; Hao Nguyen and Viet Nguyen, parents of Lan Nguyen and representatives of her estate; Simon and Maria Simeon, parents of Nikolaos Simeon and representatives of his estate; and James and Teresa Wilson, parents of Stephanie Wilson and representatives of her estate.[3]  Defendants are King, the interstate motor carrier, and Michael Baker, the driver of the tractor-trailer.  Baker was driving the tractor-trailer under King's authority.

King now moves this Court to transfer this case to the Eastern District of Missouri, Cape Girardeau–Southeastern Division pursuant to 28 U.S.C. § 1404(a).  For the reasons stated below, King's Motion is respectfully **DENIED**.

## II.  Legal Standard

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division

---

[3]The parents of Michael Woodward, the driver of the Toyota, are not currently parties to this lawsuit.

where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Blansett v. Continental Airlines*, 203 F. Supp. 2d 736, 738 (S.D. Tex. 2003); *Chretien v. Home Depot U.S.A., Inc.*, 169 F. Supp. 2d 670, 672–73 (S.D. Tex. 2001); *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

## III. Analysis

### A. Availability and Convenience of Witnesses

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the

movant must identify key witnesses and provide a brief outline of their testimony.  *See id.* (citing *Dupre*, 810 F. Supp. at 825).  "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

King argues that the availability and convenience of key witnesses would be increased by transfer to the Eastern District of Missouri.  First, King identifies the witnesses to the accident, who all reside in Missouri and Arkansas.  Michael Baker and Kristy Schrader, the occupants of the tractor-trailer, both reside in Arkansas.  Tonya Barnes, a driver who had just stopped her car at an intersection near the scene of the accident, resides in Missouri.  All three of these witnesses will testify as to what happened during the accident.  At this point, no other eye-witnesses have been identified.  Next, King claims that it will call members of the Missouri Highway Patrol who investigated the accident to testify at trial.  In its Motion, it identifies Cpl. M.L. Scoggins, Todd Watson, and Cpl. J.M. Weadon, and indicates that these three officers will testify as to their observations of the scene of the accident.  Finally, King states that it intends to call a corporate representative to testify in response to Plaintiffs' allegations against it.  However, a corporate representative can be compelled to testify at trial.  Thus the convenience of King's representative is given relatively lesser weight.  *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight).

Plaintiffs respond that they all plan to testify, and that they reside in this District, within either Harris or Galveston County.  They will obviously be inconvenienced by a trial in Missouri. Plaintiffs have also identified several expert witnesses, including Kenneth McCoin (an economist), Dwight Jennings (a motor carrier safety expert), and Ron Kirk (an accident reconstructionist).  These

experts reside in Texas and North Carolina, and all can be compelled to attend trial here in Galveston, Texas or in Cape Girardeau, Missouri. Thus, their availability and convenience are given relatively lesser weight.

Under these circumstances, the Court finds that the availability and convenience of witnesses on either side balance out. Either King's witnesses are inconvenienced by trial here in Galveston, or Plaintiffs and their witnesses are inconvenienced by trial in Missouri. Therefore, this factor does not weigh for or against transfer.

### B. Cost of Obtaining the Attendance of Witnesses and Other Trial Expenses

Parties to litigation face unavoidable costs in almost every case that goes to trial. *See Robertson v. M/V Cape Hunter*, 979 F. Supp. 1105, 1108 (S.D. Tex. 1997). Furthermore, it is "rare that the forum in which the case is litigated is the most convenient or least costly for all the parties involved." *Id.* In this case, most of the witnesses are scattered between three states: Missouri, Arkansas, and Texas. King has merely shown that transferring venue will shift the burden of costs onto Plaintiffs' shoulders. Additionally, King has failed to provide specific information on how its costs will be substantially increased by trial here in Galveston versus a trial in Missouri. *See McCaskey v. Continental Airlines, Inc.*, 133 F. Supp. 2d 514, 528 (S.D. Tex. 2001). Therefore, this factor does not weigh for or against transfer.

### C. Location of Books and Records

The location of books and records is generally of little importance in a personal injury case. King has not given the Court any indication that the records in question are so voluminous that they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. Therefore, this factor does not weigh for or against transfer.

### D.  Plaintiff's Choice of Forum

Plaintiffs' choice of forum is generally entitled to great deference.  *See McCaskey*, 133 F. Supp. 2d at 529.  Plaintiffs are all residents of the Southern District of Texas, and Mr. and Mrs. Simeon are residents of Galveston County, within this Division.  This lawsuit has a significant connection to this District and this Division because this is where the survivors of the deceased students reside.  Under these circumstances, Plaintiffs' choice of forum is entitled to deference.  *See id.*  This factor supports retention.

### E. Place of the Alleged Wrong

The place of the alleged wrong is one of the more important factors in venue determinations.  *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106.  The alleged wrong in this case took place in Dunklin County, Missouri, about a mile from Cardwell, Missouri.  This fact supports transfer.  However, the alleged wrong resulted in the untimely deaths of five students from the University of Texas, all of whom had their permanent residences within this District.  Additionally, the parents of those children reside within this District, and their suffering has taken place and will continue to take place here.  It is clear to the Court that the residents of this District have a significant interest in the outcome of this tragic case.  Perhaps more so than the residents of the Eastern District of Missouri.  Therefore, this factor does not weigh for or against transfer.

### F.  Potential for Delay and Prejudice

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay.  *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of

'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such circumstances are established by clear and convincing evidence."). King sought transfer before a trial date was set. Since this Motion was filed, the Court has set a trial date for May 21, 2007, a little over nine months away. Plaintiff argues that if this case is transferred, it will lose the benefits associated with this Court's expeditious and cost efficient manner of handling cases, and its speedy trial docket. *See Richoux v. R&G Shrimp Co.*, 126 F. Supp. 2d 1007, 1011 (S.D. Tex. 2000). Although the Court is flattered by Plaintiffs' compliments, they have not shown that a transfer at this relatively early stage will cause any significant delay or prejudice. This factor supports transfer.

## IV. Conclusion

The facts of this case present a very close call. While King has made a good case for transfer, it has ultimately failed to meet its burden in showing that a more convenient forum exists for all Parties. This is especially true in light of the substantial deference that must be given to Plaintiffs' choice of forum. Therefore, after examining the relevant venue factors, coupled with the specific facts of this lawsuit, the Court concludes that King's Motion to Transfer Venue to the Eastern District of Missouri must be **DENIED**.

That said, there is still pending Defendant Michael Baker's Motion to Dismiss for Lack of Personal Jurisdiction. That Motion is not yet ripe, but it appears at this stage to raise valid jurisdictional concerns, which the Court will carefully consider once Plaintiffs' have had an adequate opportunity to respond. The Court reiterates the suggestions it made at the Rule 16 Scheduling Conference, that the Parties consider voluntarily transferring this case to a location where jurisdiction may be had over all of the Parties.

Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 3rd day of August, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge